# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WESTIN, et al.,<br><br>Defendants. | Case No. 1:21-cv-01348-NONE-SAB<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO MOTION TO AMEND COMPLAINT<br><br>(ECF No. 25)<br><br>SEVEN DAY DEADLINE |

Michael Watkins ("Plaintiff"), proceeding in this matter *pro se*, initiated this action on April 30, 2021, in the United States District Court for the Eastern District of Tennessee in Knoxville. (ECF No. 1.) On July 28, 2021, Defendants William Westin, Edward Miliam and Joe Banuelos moved to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). (ECF No. 11.) On August 26, 2021, the Tennessee Court granted Defendants' motion and the case was subsequently transferred to the Eastern District of California on September 9, 2021. (ECF Nos. 14, 15, 16.)

To date, Defendants have not filed an answer or other responsive pleading with respect to the complaint or requested an extension of time to respond to the complaint, even though Plaintiff's unanswered complaint has been pending before this Court since September 9, 2021 (see ECF No.

16).  Pursuant to Federal Rule of Civil Procedure 12(a)(4), after the district court rules on a defendant's Rule 12 motion, a responsive pleading to the complaint must be filed within fourteen days.  Thus, after the Tennessee Court ruled on Defendants' Rule 12(b)(1) motion and the case was transferred to this Court, Defendants were required to file a response to the complaint.[1]

On September 29, 2021, Plaintiff filed the instant "first amended complaint."  (ECF No. 25.)  The purported amended complaint seeks to add Maryann Watkins, also proceeding *pro se*, as a Plaintiff, and the State of California as a Defendant.  While the caption of the filing indicates it is an amended complaint filed "as a matter of course" pursuant to Federal Rule of Civil Procedure 15 (id. at 1),[2] the Court notes the time to file an amended complaint "as a matter of course" under Rule 15(a)(1) has passed;[3] therefore, any amendments to the complaint at this time must be submitted either by stipulation or with leave of the Court.  See Fed. R. Civ. P. 15(a)(1) and (a)(2).

The parties have not filed a stipulation permitting Plaintiff to file an amended complaint, thus the Court construes Plaintiffs' filing (ECF No. 25) as a motion to amend pursuant to Rule 15(a)(2).  As such, the Court orders Defendants to respond to the pending motion.  Defendants' response shall be filed no later than **seven days** from the date of entry of this order.[4]

Accordingly, IT IS HEREBY ORDERED that Defendants SHALL FILE a response to Plaintiff's filing (ECF No. 25) **within seven (7) days** after entry of this order.

---

[1] Where a defendant fails to timely file a response to the complaint, a plaintiff is entitled to request that the Clerk of the Court enter default against the defaulting defendant.

[2] Rule 15 provides that a party may amend the party's pleading once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

[3] In this action, Defendants filed a motion to dismiss on July 28, 2021.  (ECF No. 11.)  The proof of service indicates the motion was served on Plaintiff the same day.  (ECF No. 11-1 at 3.)  Therefore, Plaintiff was permitted to amend his complaint once "as a matter of course" within twenty-one days after service of that motion.  Fed. R. Civ. P. 15(a)(1)(B)); see also Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (finding plaintiff had right under Rule 15(a)(1)(B) to amend once within twenty-one days after service of defendants' motion to dismiss under Rules 12(b)(6) and 12(e)).  Thus, any amended complaint filed as a matter of course under Rule 15(a)(1) was required to be filed by August 18, 2021.

[4] This response deadline does not alleviate Defendants from their obligation to file an answer or responsive pleading.  The rules are still running.

IT IS SO ORDERED.

Dated: **October 7, 2021**

_____
UNITED STATES MAGISTRATE JUDGE