# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. WATKINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM WESTIN, et al.,<br><br>Defendants. | Case No. 1:21-cv-01348-JLT-SAB<br><br>ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFFS' CONSTRUED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 43)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Michael Watkins, proceeding in this matter *pro se*, initiated this action on April 30, 2021, in the United States District Court for the Eastern District of Tennessee in Knoxville. (ECF No. 1.) On July 28, 2021, Defendants William Westin, Edward Miliam and Joe Banuelos moved to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). (ECF No. 11.) On August 26, 2021, the Tennessee Court granted Defendants' motion and the case was subsequently transferred to the Eastern District of California on September 9, 2021. (ECF Nos. 14, 15, 16.)

On September 29, 2021, Plaintiffs filed a "first amended complaint." (ECF No. 25.) The amended complaint sought to add Maryann Watkins, also proceeding *pro se*, as a Plaintiff, and the State of California as a Defendant. The caption of the filing indicated it was an amended

1

complaint filed "as a matter of course" pursuant to Federal Rule of Civil Procedure 15. (Id. at 1.)[1] On October 8, 2021, noting the time to file an amended complaint "as a matter of course" under Rule 15(a)(1) had expired,[2] the Court construed the filing as a motion for leave to amend, and ordered Defendants to file a response to the September 29, 2021 filing within seven (7) days. (ECF No. 26.)  On October 11, 2021, Defendants William Westin, Edward Miliam and Joe Banuelos filed a motion to dismiss the first amended complaint. (ECF No. 27.)  The filing indicated that as for a response to the Court's October 8, 2021 order, "Defendants do not oppose the filing of Mr. Watkin's First Amended Complaint because it does not cure any of the deficiencies, which are raised through the instant Motion to Dismiss, contained in the original complaint." (ECF No. 27 at 9 n.1.)  Accepting the filing as both a statement of non-opposition to Plaintiff's motion to amend, and a motion to dismiss the amended complaint, on October 13, 2021, the Court granted Plaintiff's construed motion for leave to amend as unopposed and ordered the action to proceed on the first amended complaint filed on September 29, 2021. The October 11, 2021 motion to dismiss is still currently pending before the District Judge as directed against the first amended complaint. (ECF No. 27.)

On March 10, 2022, Plaintiffs attempted to file a second amended complaint, which the Clerk of the Court lodged, but did not file, on the docket. (ECF No. 43.)  Plaintiffs' document states in the caption that the second amended complaint is filed as a matter of course under Rule 15, because "time has passed for the government claim form with no response so now it can be heard here as a matter of course." (ECF No. 43 at 1 (capitalization altered).)  The Court again emphasizes to Plaintiffs that while the caption of the filing indicates it is an amended complaint

---

[1] Rule 15 provides that a party may amend the party's pleading once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

[2] Defendants previously filed a motion to dismiss on July 28, 2021. (ECF No. 11.) The proof of service indicated the motion was served on Plaintiff the same day. (ECF No. 11-1 at 3.) Therefore, Plaintiff was permitted to amend his complaint once "as a matter of course" within twenty-one days after service of that motion. Fed. R. Civ. P. 15(a)(1)(B)); see also Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (finding plaintiff had right under Rule 15(a)(1)(B) to amend once within twenty-one days after service of defendants' motion to dismiss under Rules 12(b)(6) and 12(e)).

1  filed "as a matter of course" pursuant to Federal Rule of Civil Procedure 15, the time to file an
2  amended complaint "as a matter of course" under Rule 15(a)(1) has passed; therefore, any
3  amendments to the complaint at this time must be submitted either by stipulation or with leave of
4  the Court. See Fed. R. Civ. P. 15(a)(1) and (a)(2).

5  Accordingly, IT IS HEREBY ORDERED that Defendants SHALL FILE a response to
6  Plaintiffs' construed motion for leave to amend (ECF No. 43) **within fourteen (14) days** after
7  entry of this order.

IT IS SO ORDERED.

Dated:   **March 11, 2022**

UNITED STATES MAGISTRATE JUDGE