UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. WATKINS,<br><br>         Plaintiff,<br><br>    v.<br><br>WILLIAM WESTIN, ET AL.,<br><br>         Defendants. | Case No.  1:21-CV-01348-JLT<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING LEAVE TO AMEND</u><br><br>(Docs. 27, 47, 48, 49, 53) |

      Michael W. Watkins is suing three employees of the California Department of Corrections and Rehabilitation in their individual and official capacities[1] and the State of California.[2] Watkins alleges that the Defendants made and breached a number of promises related to Watkins's employment with CDCR.  Watkins's claims include breach of contract, a Fourteenth Amendment violation, bate (*sic*.) and switch fraud, and "taking a way (*sic*.) livelihood".  (Docs. 25, 27.)

      Before the Court is Defendants' motion to dismiss the action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27.)  Watkins opposes dismissal and

---

[1] Defendant William Westin is the Chief of the Inspection Services Section of CDCR; Defendant Edward Milam is the Central Region Supervisor of ISS of CDCR; and Defendant Joe Banuelos is an Inspector of ISS of CDCR.

[2] Despite adding the State of California as a defendant in October 2021, neither Plaintiff appears to have actually served the State as of the date of this order.  However, the three individual defendants are sued in their official capacities, and a suit against an official in his official capacity is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

1

has lodged both a Second and Third Amended Complaint with the Court. (Docs. 30, 43, 53, 54.) Defendants oppose Watkins's requests to amend his complaint. (Docs. 45, 56.)

The Court finds the matter suitable for decision without oral arguments; therefore, no hearing date will be set. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** and Watkins's motions for leave to amend are **DENIED**.

Adjacent to the motion to dismiss, Watkins has also filed a litany of motions requesting the recusal of the California Attorney General's Office from this matter; challenging the constitutionality of California's vexatious litigant statute; and attempting to compel the State of California to remove his vexatious litigant record. (Docs. 47, 48, 49, 50.) The Attorney General has requested leave to intervene to defend California's vexatious litigation statute. (Doc. 37). These motions are not pertinent to the dispositive motion to dismiss and are thus **DISMISSED AS MOOT**.

## BACKGROUND

**I.     Procedural History**

On April 30, 2021, Michael W. Watkins filed a complaint in the Eastern District of Tennessee naming as defendants William Westin, Edward Milam, and Joe Banuelos in both their individual and official capacities as representatives of CDCR. (Doc. 1 at ¶¶ 5-10.) On August 26, 2021, the case was transferred to the Eastern District of California. (Docs. 14, 15.) On September 29, 2021, Watkins filed his operative First Amended Complaint ("FAC") against Defendants, which added his wife Maryann Watkins as a new plaintiff and the State of California as a new defendant. (Doc. 25.) Defendants filed the pending Motion to Dismiss on October 11, 2021 and did not oppose the FAC serving as the operative pleading. According to Defendants, their Motion to Dismiss is applicable to either the original Complaint or to the FAC because the FAC did not cure any of the original Complaint's deficiencies. (Doc. 27 at 3 n.2.) The Motion to Dismiss asserts that Watkins has been declared a vexatious litigant in California state courts and is thereby subject to prefiling requirements before bringing a suit such as this one, (Doc. 27 at 15–16), an argument which produced much, ultimately irrelevant, controversy.

Watkins opposed the Motion to Dismiss on October 21, 2021, (Doc. 30), while

simultaneously objecting to the involvement of the California Attorney General's office as counsel for the Defendants, (Doc. 31), and lodging a constitutional challenge to California's vexatious litigant law, (Doc. 32.)  Defendants filed a reply in support of their Motion to Dismiss on November 12, 2021, (Doc. 35), and the California Attorney General requested leave to intervene to defend California's vexatious litigant law on December 3, 2021, (Doc. 37).

On March 10, 2022, Watkins lodged a Second Amended Complaint ("SAC") which Defendants opposed, (Docs. 43, 45).  In April 2022, Watkins filed several motions to "Compel the State to Remove the Vexacious (*sic*.) Litigation Record" against Watkins and "Compel the Attorney General Office (*sic*.) to Recuse themselves" from this case.  (Docs. 47, 48, 49, 50.)  Finally, in June 2022, Watkins lodged a Third Amended Complaint ("TAC") and requested leave to amend, which the Defendants oppose.  (Docs. 53, 54, 56, 57.)

**II.     Watkins's Allegations**

Watkins's FAC alleges that while he was working at Van Nuys Airport, a division of Los Angeles International Airport, Defendants Westin, Milam, and Banuelos made promises to induce Watkins to accept "a job with [Inspection Services Section ("ISS")] of CDCR in the same capacity as an employee."  (Doc. 25 at ¶¶ 11–12.)  He claims that Defendants promised that he would "not have to drive far"; that CDCR would "provide a state car at Wasco California"; that he could buy back retirement time in the California Public Employees Retirement System ("CalPERS"); and that his position at CDCR would be permanent after a year.  (*Id*. at ¶¶ 12–13).  Watkins alleges that Defendants breached all of these promises after reiterating them for a year while Watkins worked at CDCR.  (*Id*. at ¶¶ 13–20).  Watkins claims that the Defendants "never intended to comply with their agreement" and "just wanted [Watkins] to pay into the retirement pool."  (*Id*. at ¶ 21).  In the FAC, Watkins sues the State of California and Defendants Westin, Milam, and Banuelos in both their individual and official capacities for "breach of agreement," Fourteenth Amendment violations, "bate (*sic*.) and switch fraud," and "taking a way livelihood." (*Id*. at 7–10).

///

///

**ANALYSIS**

**I.      Motions for Leave to Amend**

Watkins lodged both a Second and Third Amended Complaint after Defendants filed their Motion to Dismiss. (Docs. 43, 54.) Though he did not request leave to file the SAC, he has requested leave to file the TAC and make it his operative pleading. Defendants oppose leave to file both the SAC and TAC. (Docs. 45, 56.) The proposed SAC adds facts supporting a new claim against Defendants for wrongful termination and retaliation, disability discrimination, failure to prevent discrimination, and failure to provide reasonable accommodations in violation of various California labor laws. (Doc. 43 at ¶¶ 4, 44.) The proposed TAC merely adds CDCR as a defendant. (Doc. 54 at 1.)

Rule 15 governs amendments to pleadings before trial. Rule 15(a)(2) allows a party to amend its pleading with the court's leave, providing that "the court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). This policy should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, the Ninth Circuit has cautioned that "liberality in granting leave to amend is subject to several limitations," which include "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted). Where, as here, a plaintiff has previously amended his complaint, a "district court's discretion to deny leave to amend is particularly broad." *Id.* at 1058 (citations and quotation marks omitted).

**A.      Second Amended Complaint**

The SAC adds facts alleging that, after Watkins was "not happy with their trickery," Defendants retaliated and terminated him from his position with CDCR due to his allergies. Specifically, Watkins claims that he was prevented from entering "the Prison" because he was "sneezing" and was then told that he would "have to go without pay" until his condition was mitigated. (Doc. 43 at ¶ 26.) Watkins alleges that this constitutes wrongful termination, disability discrimination, and failure to provide reasonable accommodations in violation of "Labor Code 232.5; 1102.5; 12940(h) . . . 12940(a) . . . 1924(k) . . . [and] Government Code

4

12940(m)." *Id*. at ¶ 28.  Watkins groups all of these alleged violations into Count Four of the SAC, along with his "taking a way (*sic*.) livelihood" claim.  The SAC does not allege facts sufficient to plead a claim under any of the provisions of California law that Watkins summarily lists related to wrongful termination and disability discrimination.  (*See* Doc. 43 at ¶ 44.)  The Court will address each of these provisions in turn.

California Labor Code § 232.5(c) states that an employer may not "[d]ischarge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions."  By the plain language of the statute, a claim under § 232.5 must include allegations that an employee was retaliated against for speaking out about workplace conditions.  A classic example would be an employee who complains to superiors about workplace health and safety concerns and is later discriminated against for being "overly concerned with compliance."  *See Chan v. Canadian Standards Ass'n*, No. SACV 19-2162-JVS (JDE), 2020 WL 2496174, at *3 (C.D. Cal. Mar. 16, 2020).  Watkins's SAC does not describe facts suggesting that he made statements or "disclose[d] information" regarding his working conditions at CDCR.  Watkins alleges merely that he was terminated because he was "not happy" with Defendants' "trickery." (Doc. 43 at ¶ 26.)  As such, amendment to add this claim would be futile.

California Labor Code § 1102.5 restrains employers from making, adopting, or enforcing any rule, regulation or policy which prevents an employee from disclosing information to a government or law enforcement agency. Cal. Lab. Code § 1102.5.  Sub-section 1102.5(b) states that an employer may not retaliate against an employee who discloses such information to a government or law enforcement agency.  *Id*.  Labor Code § 1102.5 also reflects a broader public policy interest in encouraging workplace "whistleblowers," who may, without fear of retaliation, report concerns regarding an employer's illegal conduct.  *See Collier v. Superior Court*, 228 Cal.App.3d 1117, 1123 (Cal. Ct. App. 1991).  Watkins has not alleged any facts suggesting that he reported relevant information to a government or law enforcement agency or that such a report led to his termination or retaliation on the part of any Defendant; therefore, his claim under § 1102.5 is insufficiently pled such that amendment to include it in the Complaint is futile.

California Government Code Sections 12940(a), (h), (k),[3] and (m) are part of California's Fair Employment and Housing Act, or "FEHA". Cal. Gov't Code §§ 12900–12996. FEHA prohibits employers from discriminating against employees due to a medical condition and from failing to provide reasonable accommodations for employees' medical conditions, among other things. Here, Watkins appears to allege that he was discriminated against due to his allergies. (Doc. 43 at ¶¶ 26–28.) In order to bring a civil action under FEHA, "a claimant must exhaust his or her administrative remedies." *See Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 905 (N.D. Cal. 2013) (citing *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001)).

To properly exhaust administrative remedies, a plaintiff must, before initiating suit, file an administrative complaint with the California Department of Fair Employment and Housing within one year of the alleged unlawful conduct and receive a right to sue letter from the agency. *See Dornell*, 19 F. Supp. 3d at 905 (citing Cal. Gov't Code § 12960(d)). "It is generally a plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with the [DFEH] and obtaining a right-to-sue letter." *Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006). Construing the SAC liberally, it appears that Watkins *may* have filed the required administrative complaint, (Doc. 43 at ¶ 6), but Watkins does not allege or provide evidence that he received the required right to sue letter. Because Watkins has not alleged sufficient compliance with the administrative exhaustion requirement, the addition of this claim would be futile. None of the claims that Watkins seeks to add via the SAC are sufficiently pled. Therefore, his proposed amendment is futile and thereby **DENIED**.

**B.  Third Amended Complaint**

On June 2, 2022, Watkins filed a proposed Third Amended Complaint which added the California Department of Corrections and Rehabilitation as a defendant. (Doc. 54.) Watkins states that "CDCR was meant to be added from the beginning," (Doc. 54 at 1), but he provides no explanation for the fourteen-month delay between the filing of his initial complaint and the amendment that finally adds CDCR to this suit. Documents submitted by Defendants in

---

[3] Watkins's SAC alleges that Defendants "Fail[ed] to Prevent Discrimination in Violation of Government Code 1940(k)," which appears to be a typographical error. The Court assumes that Watkins mean to cite Cal Gov't Code 12940(k), which describes failure to prevent discrimination.

6

opposition to Watkins's *second* amended complaint demonstrate that Watkins was made aware no later than October 1, 2021 that CDCR was a proper defendant in this case. Further, Watkins's reply in support of leave to amend all but admits that the purpose of the amendment is to cause the motion to dismiss to be "redone". (Doc. 57 at 1.)

Such "redoing" of the Motion to Dismiss is not necessary in any event. As discussed below, Watkins's FAC fails as a matter of law. Adding CDCR as a defendant would be futile, as (1) this amendment would not cure the FAC's deficiencies with regard to Watkins's state law claims and (2) the Eleventh Amendment bars suit against the CDCR for Watkins's federal claims. Therefore, leave to amend the complaint a third time is **DENIED**.

## II.     Motion to Dismiss

Defendants move to dismiss Watkins's FAC on numerous grounds. (*See generally* Doc. 27.) Of note, Defendants argue that Watkins's three state claims for breach of contract, "bate (*sic*.) and switch fraud," and "taking a way (*sic*.) livelihood" are barred by the California Government Claims Act. Defendants further argue that the remaining § 1983 claim is barred by the Eleventh Amendment and otherwise insufficiently pled.

### A.     Judicial Notice

Before turning to the pending motion, the Court first considers Defendants' request for judicial notice of several pertinent facts, which Watkins has not opposed. Specifically, Defendants ask for judicial notice of the following facts:

1. That the California Department of Corrections and Rehabilitation manages the State of California's prison system in California; and
2. That the California Public Employees' Retirement System is an agency in the California executive branch that manages pension and health benefits for California public employees, retirees, and their families.

The Court may take judicial notice of matters of public record on a motion to dismiss, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), including facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). Because the above facts are matters of public record and not subject to reasonable dispute, the Court will judicially notice them for the purpose of this

Order.[4]

**B.   Legal Standard**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim should be dismissed under Rule 12(b)(6) when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). To the extent that pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations

---

[4] Defendants also request judicial notice of several documents, most of which relate to Watkins's status as a vexatious litigant in California state courts. Because these documents are not relevant to the resolution of any pending motions, the Court declines to judicially notice them at this time.

omitted).

**C.     Analysis**

1.     State Claims: Counts One, Three, and Four

Watkins's first, third and fourth cause of action are state law claims against Defendants for breach of contract, "bate (*sic.*) and switch" fraud, and "taking a way (*sic.*) livelihood." (Doc. 25 at 7–9.)  Under California's Government Claims Act ("CGCA"),[5] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the proper entity and the entity either acted on the claim or the time for doing so expired.  *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995) ("The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity.")

The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013).  Compliance with this "claim presentation requirement" is an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  Thus, in state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  *Id.* at 1239 (fn. omitted).

Federal courts must require compliance with the CGCA for pendant state law claims that seek damages against state employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *see also Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.

---

[5] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008).

Because Watkins's allegations of breach, fraud, and "taking a way (*sic*.) livelihood" are state law claims, he must "allege facts demonstrating or excusing compliance with the claim presentation requirement." *Bodde*, 32 Cal.4th at 1244. Watkins makes no claim of compliance with the CGCA in his FAC, and the time for filing such a claim has passed. *See* Cal. Gov't Code § 911.2 (claims must be presented within one year). For this reason, Counts One, Three, and Four are hereby **DISMISSED WITH PREJUDICE**.

2. <u>Claim Two: 28 U.S.C. § 1983</u>

Section 1983 provides a remedy for the deprivation of federal rights established elsewhere; it does not establish substantive rights. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). "The elements of a section 1983 action are: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004).

Watkins appears to complain of due process and equal protection violations stemming from the fact that he paid into CalPERS without being vested as a permanent employee who will someday obtain benefit from California's retirement system. Specifically, Watkins opines that the "right of the state to be able to take money paid into the retirement plan because someone is not vested as violating the equal justice and equality and fairness that the constitution guarantees" violates the "first and 14th amendment (*sic*.) of the Federal Constitution" which gives each citizen "the right of due process of law and equal protection of the laws . . ." (Doc. 25 at ¶¶ 28–29.)

Defendants correctly argue that Watkins's claims against them in their official capacities are barred by the Eleventh Amendment. (Doc. 27 at 24–26.) The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state, *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe*

*of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991), and "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As such, a suit against an official in his official capacity is "no different from a suit against the State itself." *Id*. Accordingly, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). "That is so because ... a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id*. (citation and internal quotation marks omitted in original). The Eleventh Amendment also bars Plaintiff's claims against the State of California and to CDCR as set forth in his proposed amended complaints. *Backus v. California*, No. 2:11-CV-01672 JAM, 2011 WL 2619083 (E.D. Cal. June 29, 2011) (citing *Dittman*, 191 F.3d at 1025–1026).

Though the Eleventh Amendment does not bar suit against Defendants Westin, Milam, and Banuelos in their individual capacities, *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), as amended (Oct. 9, 1992), Watkins has not sufficiently pled an individual capacity suit. To successfully bring an individual capacity suit under Section 1983, a plaintiff must allege personal participation in the constitutional violation on the part of the individual to subject that person to individual liability. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Even assuming, *arguendo*, that Watkins's complaints about the California retirement system constitute a "deprivation" for Section 1983 purposes, Watkins has not alleged that any of the individual Defendants have any role whatsoever in the collection or distribution of retirement benefits in the state of California.

Watkins's claims for monetary damages against the State of California and Defendants Westin, Milam, and Banuelos in their official capacities are barred by the Eleventh Amendment and are thereby **DISMISSED WITH PREJUDICE.** Watkins's § 1983 claims against Defendants Westin, Milam, and Banuelos are likewise **DISMISSED** for failure to state a claim upon which relief can be granted.

**III.     Leave to Amend**

Watkins requests further leave to amend his complaint. Rule 15 generally allows for amendments when justice so requires but leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As discussed above, all of Watkins's proposed amendments would be futile. Further, Watkins has evinced bad faith in his admission that he sought prior amendments to delay resolution of the pending Motion to Dismiss. As such, the Court finds no reason to allow further amendments in this case. Watkins's request for further leave to amend his complaint is **DENIED**.

**CONCLUSION**

Accordingly:

1. Defendants' Motion to Dismiss the complaint in its entirety, (Doc. 27), is **GRANTED.**

2. Plaintiff Watkins's state law claims for breach of contract, "bate (sic.) and switch" fraud, and "taking a way (sic.) livelihood," (Doc. 25 at 7–9), are **DISMISSED WITH PREJUDICE**.

3. Plaintiff Watkins's claims for monetary damages against Defendants William Westin, Edward Milam, and Joe Banuelos in their official capacities are also **DISMISSED WITH PREJUDICE.**

4. Plaintiff Watkins's requests for leave to file a Second Amended Complaint, (Doc. 43), and Third Amended Complaint, (Doc. 53), are **DENIED**.

5. All motions regarding Plaintiff Watkins's vexatious litigant history, including the constitutional challenge to California's vexatious litigant statute, (Docs. 47, 48, 49, 50), are **DISMISSED AS MOOT.**

6. The Clerk of Court is directed to enter judgment in favor of Defendants William Westin, Edward Milam, and Joe Banuelos.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 30, 2022**                          /s/ Jennifer L. Thurston
                                                        UNITED STATES DISTRICT JUDGE