UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. WATKINS,<br><br>           Plaintiff,<br><br>      v.<br><br>WILLIAM WESTIN, ET AL.,<br><br>           Defendants. | Case No.  1:21-CV-01348-JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 60) |

Michael W. Watkins filed this suit against three employees of the California Department of Corrections and Rehabilitation in their individual and official capacities[1] and the State of California.[2] Watkins alleged that the Defendants made and breached a number of promises related to Watkins's employment with CDCR. Watkins's claims included breach of contract, a Fourteenth Amendment violation, "bate (*sic*.) and switch" fraud, and "taking a way (*sic*.) livelihood." (Docs. 25, 27.)

When Defendants moved to dismiss the action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 27), Watkins lodged both a Second and Third

---

[1] Defendant William Westin is the Chief of the Inspection Services Section of CDCR; Defendant Edward Milam is the Central Region Supervisor of ISS of CDCR; and Defendant Joe Banuelos is an Inspector of ISS of CDCR.

[2] Despite adding the State of California as a defendant in October 2021, neither Plaintiff appears to have actually served the State as of the date of this order. However, the three individual defendants are sued in their official capacities, and a suit against an official in his official capacity is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

1

Amended Complaint with the Court, as well as an opposition. (Docs. 30, 43, 53, 54.)  In September 2022, the Court granted the motion to dismiss and denied Watkins' request to amend the complaint finding that amendment would be futile.  (Doc. 59.)  Watkins now requests reconsideration of the Court's prior order.  (Doc. 60.)  Defendants oppose this motion, (Doc. 62), and Watkins has filed a reply. (Doc. 63.)  For the reasons explained below, Watkins' request for reconsideration is **DENIED**.

## BACKGROUND

Michael W. Watkins filed a complaint in the Eastern District of Tennessee naming as defendants William Westin, Edward Milam, and Joe Banuelos in both their individual and official capacities as representatives of CDCR.  (Doc. 1 at ¶¶ 5-10.)  The case was then transferred to the Eastern District of California.  (Docs. 14, 15.)  Thereafter, Watkins filed his operative First Amended Complaint against Defendants, which added his wife Maryann Watkins as a new plaintiff and the State of California as a new defendant.  (Doc. 25.)  Defendants filed a Motion to Dismiss on October 11, 2021 and did not oppose the FAC serving as the operative pleading. According to Defendants, their Motion to Dismiss was applicable to either the original Complaint or to the FAC because the FAC did not cure any of the original Complaint's deficiencies.  (Doc. 27 at 3 n.2.)

Watkins opposed the Motion to Dismiss on October 21, 2021, (Doc. 30), and lodged a Second Amended Complaint ("SAC") on March 10, 2022.  (Docs. 43, 45.)  In June 2022, Watkins lodged a Third Amended Complaint ("TAC") and requested further leave to amend, which the Defendants opposed.  (Docs. 53, 54, 56, 57.)  For reasons discussed below, the Court ultimately granted the motion to dismiss and denied Watkins' requests to further amendment the complaint, as the amendments were futile.  Watkins now requests that the Court reconsider its order.

## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

*Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## ANALYSIS

### I.  Reconsideration of the Motion to Dismiss

Watkins's FAC alleged that while he was working at Van Nuys Airport, a division of Los Angeles International Airport, Defendants Westin, Milam, and Banuelos made promises to induce Watkins to accept "a job with [Inspection Services Section ("ISS")] of CDCR in the same capacity as an employee." (Doc. 25 at ¶¶ 11–12.) He claimed that Defendants promised that he would "not have to drive far"; that CDCR would "provide a state car at Wasco California"; that he could buy back retirement time in the California Public Employees Retirement System; and that his position at CDCR would be permanent after a year. (*Id*. at ¶¶ 12–13). Watkins alleged that Defendants breached all of these promises after reiterating them for a year while Watkins worked at CDCR. (*Id*. at ¶¶ 13–20). Watkins claims that the Defendants "never intended to comply with their agreement" and "just wanted [Watkins] to pay into the retirement pool." (*Id*. at ¶ 21). Neither the FAC nor the original complaint specified in what year these events occurred. In the FAC, Watkins sued the State of California and Defendants Westin, Milam, and Banuelos in both their individual and official capacities for "breach of agreement," Fourteenth Amendment violations, "bate (*sic*.) and switch fraud," and "taking a way livelihood." (*Id*. at 7–10).

The Court found that the alleged state claims failed due to Watkins's failure to present the

3

1   claim to the proper entity before filing suit, as required by California's Government Claims Act[3],
2   set forth in California Government Code sections 810 et seq. (Doc. 59 at 9–10.)  Watkins asks for
3   reconsideration of this finding on the grounds that he "did go to the agency to complain of the
4   wrong doing (*sic*.) and can state where he gave the notice including the director of CDCR."
5   (Doc. 60 at 3–4.)  He further states that "CDCR brought a person to the hearing that was not
6   independent." (*Id*.)  Watkins provides no additional detail of this supposed report in his motion
7   except to state that it "can easily be produced."  Watkins did not, however, "produce" the report
8   that he supposedly made to CDCR in his filings.

9   Watkins attached to his motion a one-page bare confirmation of an "Intake Form" sent to
10  the California Civil Rights Department.  (Doc. 60 at 7.)  The document appears to be a form
11  confirmation from an online submission.  It contains no detail about the report and specifies that it
12  is "not a filed complaint"; instead, it indicates that a forthcoming appointment with the California
13  Civil Rights Department "will determine whether [the department] will secure a filed complaint
14  for investigation." (Doc. 60 at 7.)  Watkins has not since updated the Court as to the status of his
15  meeting with the Civil Rights Department, despite the fact that it was scheduled in January 2023
16  and has presumably taken place by now.  The Court is ultimately left with no information about
17  the contents of the report, when it was actually made, or whether it resulted in further action by
18  the agency.  Watkins's showing is not of the "strongly convincing nature" required for
19  reconsideration on this point.

20  As to his § 1983 claim, Watkins asserts that the Court was incorrect in finding that the
21  Eleventh Amendment barred suit against the individual Defendants in their official capacities, as
22  well as against the State of California and CDCR in his proposed amended complaints. (Doc. 60
23  at 2–3.)  Watkins argues that California has consented to this suit via California Civil Code §
24  52.1, also known as the Tom Bane Civil Rights Act.  Watkins provides no case law to support
25  this position, and the Court is unaware of any.  To the contrary, the Ninth Circuit has rejected the
26  argument that California consented to suit in federal court by passing the civil rights law in which

---

[3] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

4

the Bane Act is encompassed. *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("Stanley also appears to argue that California has consented to suit by passing the Unruh Civil Rights Act (Act), Cal. Civ. Code §§ 51–53, which is the basis for many of her state law claims. The Act does not specifically consent to federal court actions."); *see also Martinez v. Diaz*, No. 520CV02027MCSSHK, 2021 WL 4595770 (C.D. Cal. Feb. 3, 2021). Watkins's motion for reconsideration fails on this argument as well.

Watkins next takes issue with the Court's conclusion that he did not sufficiently plead a § 1983 claim against Defendants in their individual capacities. (Doc. 60 at 2–4.) Watkins asserts that the only allegations he was required to make as to this claim were that "there was a contract," "how the contract was made and what the agreement was actually for" and "that Defendants did not live up to their side of the contract." (Doc. 60 at 4.) As the Court explained in its prior order, a § 1983 claim requires a constitutional deprivation and individual defendants' personal participation in the constitutional deprivation. Watkins alleges neither factual circumstance in his complaints or in his motion for reconsideration.

**II.   Reconsideration of the Motion to Amend**

In the proposed SAC, Watkins added facts alleging that after he was "not happy with their trickery," Defendants retaliated and terminated him from his position with CDCR due to his allergies. Specifically, Watkins claimed that he was prevented from entering "the Prison" because he was "sneezing" and was then told that he would "have to go without pay" until his condition was mitigated. (Doc. 43 at ¶ 26.) Watkins alleged that this constituted wrongful termination, disability discrimination, and failure to provide reasonable accommodations in violation of "Labor Code 232.5; 1102.5; 12940(h) . . . 12940(a) . . . 1924(k) . . . [and] Government Code 12940(m)." *Id*. at ¶ 28. Watkins grouped all of these alleged violations into Count Four of the SAC, along with his "taking a way (*sic.*) livelihood" claim.

The Court concluded that amending the complaint to add the new § 12940 claims would be futile because Watkins had not, as required by the statute, filed an administrative complaint with the California Department of Fair Employment and Housing within one year of the alleged unlawful conduct as required by Cal. Gov't Code § 12960(d). (Doc. 59 at 5–6.) In the motion for

5

1 reconsideration, Watson brings to the Court's attention that § 12960 was amended in 2020 to
2 allow *three* years for the required administrative complaints to be filed. Watson is therefore
3 correct that amendment may not be futile on these grounds.

4 However, upon reconsideration, the Court again concludes that amending the complaint to
5 include the § 12960 claims would be futile for other reasons. California Government Code
6 Sections 12940(a), (h), (k),[4] and (m) are part of California's Fair Employment and Housing Act.
7 Cal. Gov't Code §§ 12900–12996. These FEHA sections prohibit employers from discriminating
8 against employees due to a medical condition or physical disability, (§ 12940(a))[5]; from expelling
9 or discriminating against any person complaining about practices forbidden by § 12940,
10 (§ 12940(h)); from failing to "take all reasonable steps necessary to prevent discrimination . . .
11 from occurring", (§ 12940(k)); and from failing to provide reasonable accommodations for
12 employees' medical conditions, (§ 12940(m)).

13 In the SAC, Watkins appears to allege that he was discriminated against due to his
14 allergies after "the RN" told Watkins that he could not come "in [] to the prison sneezing." (Doc.
15 43 at ¶¶ 26–28.) He further alleges that Defendants requested a doctor's note for his allergies and
16 stated that he "would have to go without pay until the condition would be mitigated." (Doc. 43 at
17 ¶ 26.) Watkins does not specify whether he considers his allergies to be a physical disability or a
18 medical condition. Under either theory, Watkins has not sufficiently pled that his allergies
19 constitute either protected class.

20 **A.     Physical Disability**

21 A prima facie case for disability discrimination under FEHA based physical disability
22 requires a plaintiff establish that he: 1) suffers from a disability; 2) is otherwise qualified to do his
23 job; and 3) was subject to an adverse employment action because of his disability. *Faust v.*

---

[4] Watkins's SAC alleges that Defendants "Fail[ed] to Prevent Discrimination in Violation of Government Code 1940(k)," which appears to be a typographical error. The Court assumes that Watkins mean to cite Cal Gov't Code 12940(k), which describes failure to prevent discrimination.

[5] § 12940 also prohibits discrimination on the basis of "race, religious creed, color, national origin, ancestry . . . mental disability, reproductive health decisionmaking . . . genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person." These prohibitions do not appear relevant to Watkins's claims.

1  *California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007); *Jaco v. Winco Holdings,
2  Inc.*, No. 118CV00301DADEPG, 2019 WL 1438069 at *8 (E.D. Cal. Mar. 31, 2019).  "Not every
3  illness qualifies as a disability."  *Featherstone v. S. California Permanente Med. Grp.*, 10 Cal.
4  App. 5th 1150, 1167, 217 Cal.Rptr.3d 258 (2017) (quoted source and internal punctuation
5  omitted).  Under FEHA, a "physical disability" is any physiological disease, disorder or condition
6  that both affects a specific bodily system and limits a major life activity.  Cal. Gov't Code §
7  12926(m).  "A mental or psychological disorder or condition limits a major life activity if it
8  makes the achievement of the major life activity difficult."  *Id*. at § 12926(j)(1)(B); *Gelfo v.
9  Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 46 (2006).

10        Disability does not include "conditions that are mild, which do not limit a major life
11 activity, as determined on a case-by-case basis," including, for example, conditions with "little or
12 no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains,
13 muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-
14 chronic gastrointestinal disorders."  Cal. Code Regs. tit. 2, § 11065(d)(9)(B); *see also Cenis v.
15 Winco Holdings, Inc.*, 787 F. App'x 947, 948 (9th Cir. 2019) (referring to Cal. Code Regs. tit. 2, §
16 11065(d)(9)(B) in determining whether condition at issue constituted a FEHA disability; holding
17 that vomiting and diarrhea did not constitute a disability under FEHA and that plaintiff therefore
18 could not make a prima facie showing of disability discrimination in violation of
19 FEHA); *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1029 (2003) (noting that
20 California courts give "substantial weight" to regulations construing FEHA issued by the agency
21 responsible for administering the statute); *see also Foshee v. MasTec Network Sols., Inc.*, No.
22 120CV00890AWISAB, 2022 WL 446675 (E.D. Cal. Feb. 14, 2022).

23        Neither Watkins's FAC nor his proposed SAC sufficiently pleads that he suffers from a
24 disability under this definition.  Watkins never details how frequently he suffered from allergies
25 or how severe they are.  "Factual allegations of this sort are necessary to indicate that the
26 condition limited a major life activity".  *Jaco*, 2019 WL 1438069 at *8.  Without allegation of
27 such factual details, the court is unable to determine whether plaintiff's alleged condition makes
28 achievement of a major life activity difficult and thus constitute a protected condition under

7

1  FEHA. Furthermore, the Court doubts the possibility that Watkins's sneezing—even if
2  extreme—would constitute a disability under the statute. *Wilmarth v. City of Santa Rosa*, 945 F.
3  Supp. 1271, 1276 (N.D. Cal. 1996) ("Temporary, non-chronic impairments of short duration, with
4  little or no long term or permanent impact, are usually not disabilities.").

### B.  Medical Condition

A "medical condition" as defined under FEHA is "any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer" or "genetic characteristics" such as a "gene or chromosome . . . that is known to be the cause of a disease or disorder in a person or [their] offspring . . . that is presently not associated with any symptoms of any disease or disorder" or "inherited characteristics . . . that are known to be a cause of a disease or disorder . . . that are not presently associated with any symptoms of any disease or disorder." Cal. Gov't Code § 12926(i). At no point does Watkins allege that he had cancer or any other genetic or chromosomal disease or disorder that would qualify under this provision. *See Kumar v. Alameda Cnty. Med. Ctr.*, No. 09-4312 EDL, 2011 WL 13244636 (N.D. Cal. Mar. 25, 2011) (dismissing wrongful termination, disability discrimination, and harassment claims under FEHA where plaintiff did not establish a medical condition under the above definition).

### C.  Related Claims: Retaliation, Discrimination Prevention, and Accommodation Claims

Watkins's retaliation claim under § 12940(h) is also insufficiently pled in his proposed SAC. Retaliation claims require that: (1) the plaintiff establish a prima facie case of retaliation; (2) the defendant articulate a legitimate nonretaliatory explanation for its acts; and (3) the plaintiff show that the defendant's proffered explanation is merely a pretext for the illegal conduct. *Kumar*, 2011 WL 13244636 at *13 (citing *Flait v. North American Watch Corp.*, 3 Cal.App.4th 467, 476 (1992)). "To establish a prima facie case, the [employee] must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Id*. Retaliation claims must fail where, as here, complaints to an employer "do not relate to discrimination or harassment based on a disability or medical condition which would be protected activity under FEHA."

*Kumar v. Alameda Cnty. Med. Ctr.*, No. 09-4312 EDL, 2011 WL 13244636 at *13 (N.D. Cal. Mar. 25, 2011).

In other words, because Watkins's allergies do not constitute a protected disability or medical condition, his complaints of discrimination on the basis of his allergies cannot form the basis of a retaliation claim under FEHA. Watkins's claims that Defendants failed to properly prevent discrimination as required by § 12940(k) and that Defendants failed to provide proper accommodation for a medical condition as required by § 12940(m) fail for the same reason. Without a qualifying protected condition, there can be no failure to properly protect or accommodate such a condition. *Merrick v. Hilton Worldwide, Inc.*, No. 13-CV-1568-LAB-BGS, 2014 WL 5800272 (S.D. Cal. Nov. 7, 2014), *aff'd*, 867 F.3d 1139 (9th Cir. 2017) ("Because no disability discrimination occurred, Defendants could not have failed to prevent it.") (citing *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 288, 73 Cal.Rptr.2d 596 (1998)); *see also Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015) ("[A] failure to prevent discrimination claim is essentially derivative of a discrimination claim");  Foshee, 2022 WL 446675 at *8 (where a plaintiff does not allege a disability or medical condition, they cannot make out a prima facie claim under § 12940(m)).

## CONCLUSION

Accordingly:

1. Watkins's Motion for Reconsideration, (Doc. 60), is **DENIED**.
2. Per the Court's prior order, the Clerk of Court is directed to enter judgment in favor of Defendants William Westin, Edward Milam, and Joe Banuelos. The Clerk of Court is also directed to close this case.

IT IS SO ORDERED.

Dated:  **August 14, 2023**

UNITED STATES DISTRICT JUDGE